**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**

RM ECOM, LLC and ZIAD KOZA,

Plaintiff,

v. Case No.

JPMORGAN CHASE BANK, N.A. and
BLOCK OF DELAWARE, INC. D/B/A
SQUARE,

Defendants.
_________________________________/

**DEFENDANT'S NOTICE OF REMOVAL**

To: The Judges of the United States District Court
Southern District of Florida, Fort Lauderdale Div.

Defendant, JPMorgan Chase Bank, N.A. ("Chase"), hereby removes the above-captioned action currently pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. CACE-26-015095 (the "State Court Action"), to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Chase hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a). Chase will provide evidence to support the allegations of this pleading as required in response to any challenge to the Court's jurisdiction.

As shown below, this Court has original subject matter jurisdiction over this matter because: (a) the parties are completely diverse; and (b) the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, *see* 28 U.S.C. §§ 1332(a), 1441(b). Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served on Counsel for Plaintiffs and filed with the Broward County Circuit Court in the State Court Action. In support hereof, Chase

states as follows:

1. On September 15, 2026, Plaintiffs, RM ECOM, LLC ("RM") and Ziad Koza ("Koza") (collectively, "Plaintiffs"), commenced this action by filing a Complaint in the State Court Action in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida.

2. Chase was served with a Summons and the Complaint on October 19, 2026. A true and correct copy of the Summons and Complaint is attached hereto and incorporated herein as **Composite Exhibit "A"**.

3. All other pleadings and papers that have been filed in the State Court Action other than the Summons and Complaint are attached hereto as **Composite Exhibit "B"**. Within the meaning and intent of 28 U.S.C. § 1446, the documents contained in Composite Exhibits "A" and "B" constitute all process, pleadings, and orders filed to date in the State Court Action.

4. Removal to this Court is proper because: (a) the State Court Action is being removed from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida; (b) pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days from the date of Chase's receipt of the initial pleading; and (c) as shown below, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because this matter is between citizens of different States within the meaning of that provision and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A. The Diversity of Citizenship Requirement is Satisfied.**

5. The parties to this action are citizens of different states within the meaning of 28 U.S.C. § 1332(a)(1).

6. On November 9, 2026, Plaintiffs filed a Stipulation of Dismissal Without Prejudice, which dismissed Block from this action. As such, Block's citizenship does not factor into the diversity analysis.[1] *Insinga v. LaBella*, 845 F.2d 249, 252 (11th Cir. 1988).

7. For purposes of diversity jurisdiction, the citizenship of an individual is his place of domicile. *See Makozy v. Zimmerer*, 850 F. App'x 722, 724 (11th Cir. 2021) ("The citizenship of a natural person is the person's place of domicile, which requires residence in a state and an intention to remain in that state indefinitely."); *Williams v. Lexington Ins. Co.*, No. 21-62300-CIV-DIMITROULEAS, 2021 U.S. Dist. LEXIS 264439, at *10 (S.D. Fla. Dec. 13, 2021) (the place of residence is prima facie evidence of a party's domicile).

8. Koza alleges that he is a natural person who is a citizen and resident of Michigan. Compl. ¶ 11. Accordingly, Koza is a citizen of Michigan for purposes of diversity jurisdiction.

9. For purposes of diversity jurisdiction, a limited liability company is a citizen of any state in which a member of the company is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Hines Interests Ltd. P'ship v. Southstar Cap. Grp. I, LLC*, No. 6:18-cv-1147-Orl-22DCI, 2018 U.S. Dist. LEXIS 222956, at *6 (M.D. Fla. Dec. 20, 2018).

10. RM alleges that it is a Michigan limited liability company with its registered office in Bloomfield Hills, Michigan. Compl. ¶ 10. Further, on information and belief, including publicly-available documents regarding RM that are accessible through the Michigan Secretary of State business search and the internet, generally, it appears that Koza is the only individual

---

[1] Notwithstanding its dismissal, Block is a citizen of the States of Delaware and California for purposes of diversity jurisdiction as it is a Delaware corporation maintaining its principal place of business in Oakland, California. *See Caron v. NCL (Bah.), Ltd.*, 910 F.3d 1359, 1365 (11th Cir. 2018) (citing 28 U.S.C. § 1332(c)(1)).

affiliated with RM, and he is a citizen of Michigan. Therefore, RM is a citizen of Michigan for purposes of diversity jurisdiction. To be sure, nothing Chase has seen suggests that any of RM's members or potential members are citizens of the State of Ohio (like Chase, as described below).

11. Pursuant to 28 U.S.C. § 1348, "all national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." Further, "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, Nat'l Association v. Schmidt, et al.*, 546 U.S. 303 (2006); *see also Arthur v. JP Morgan Chase Bank, NA et al.*, 569 F. App'x. 669, 673 (11th Cir. 2014); *Orton v. Mathews*, 572 F. App'x. 830, 832 (11th Cir. 2014). Chase is, and was at the time the State Court Action was filed, a national banking association, organized under the laws of the United States, with its main office, as designated in its articles of association, in Columbus, Ohio. Accordingly, Chase Bank is a citizen of Ohio for the purpose of diversity jurisdiction.

12. Thus, because Plaintiffs are citizens of Michigan and Chase is a citizen of Ohio, there is complete diversity of citizenship between the parties.

**B. The Amount in Controversy Requirement Is Satisfied.**

13. Plaintiffs' Complaint seeks damages against Chase arising out Chase and Block's alleged "failure to sponsor and administer" RM's payment processing relationship "in accordance with the applicable rules and standards of the Card Networks" and their decision to report RM to Mastercard's Member Alert to Control High Rish Merchants ("MATCH") system. Compl. ¶ 1. As a result, Plaintiffs allege that RM has suffered "substantial damages, including loss of payment

processing services, loss of customers, loss of business opportunities, reputational harm, and ongoing economic injury." *Id.* ¶ 9.

14. While the Complaint does not allege a specific damages amount, removal is nonetheless proper "if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.*

15. Based on the allegations in the Complaint, it is facially apparent that the amount in controversy exceeds $75,000.00. Indeed, Plaintiffs allege that a MATCH designation is a "financial death sentence" and once listed, a merchant is unable to obtain payment processing services necessary to conduct business. Compl. ¶ 2. Moreover, Plaintiff claims that it suffered "substantial" damages, including loss of services, loss of customers, loss of business opportunities, reputational harm, loss of revenue, increased operating expenses, consequential damages, and ongoing economic injury. *Id.* ¶s 9, 115, 130, 161, 176, 198.

16. Moreover, in an action for declaratory relief—such as Count I—the amount in controversy is measured by "the value of the object of the litigation." *Viacom, Inc. v. Zebe*, 882 F. Supp. 1063, 1064 (S.D. Fla. 1995). The object of the litigation is RM's payment processor services, which it alleges are necessary to conduct business (*see* Compl. ¶ 2) and is thus valued as RM's business—over $75,000.00.

17. As such, this Court "may rely on [its] judicial experience and common sense to determine that [Plaintiffs'] claim[s] satisfy[y] the amount-in-controversy requirement." *Digital Age Mktg. Grp., Inc. v. Sentinel Ins. Co. Ltd.*, 504 F. Supp. 3d 1345, 1347 (S.D. Fla. 2020) (from

the facts alleged in the complaint, notice of removal, and records submitted by defendant, it appeared that he business income for which plaintiff sought coverage satisfied the jurisdictional amount in controversy).

**C. <u>Block Has Been Dismissed From This Action, And Consented to Removal.</u>**

18. When there are multiple defendants, "'federal courts have universally required unanimity of consent in removal cases.'" *Island Pipeline, Ltd. Liab. Co. v. Sequoyah Ltd., Ltd. Liab. Co.*, No. 3:08-cv-1133-J-32HTS, 2009 U.S. Dist. LEXIS 17469, at *4 (M.D. Fla. Feb. 18, 2009) (*quoting Russell Corp. v. Am. Home Assur. Co.,* 264 F.3d 1040, 1050 (11th Cir. 2001)); 28 U.S. Code § 1446(b)(2).

19. On November 9, 2026, Plaintiffs filed a Stipulation of Dismissal Without Prejudice, which dismissed Block from this action. As such, Chase is the only remaining defendant, and Block's consent to removal is not required.

20. Nevertheless, in an abundance of caution, undersigned counsel has obtained Block's consent to removal. On October 28, 2026, undersigned counsel contacted counsel for Block, and asked if Block would consent to removal. That same date, counsel for Block indicated that Block consents to removal of the State Court Action to this Court. Additionally, Block signs this Notice of Removal to indicate its consent to removal. *See White v. Bombardier Corp.*, 313 F. Supp. 2d 1295, 1299 (N.D. Fla. 2004) ("To satisfy the unanimity requirement, each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or (preferably) in writing. . .")

**D. <u>All Other Removal Prerequisites Have Been Satisfied.</u>**

21. This Notice of Removal is timely filed because it has been filed within thirty (30) days of Chase's receipt of the Complaint. *See* 28 U.S.C. § 1446(b).

22. Removal to this Court is proper because this Court is "the district court of the United States for the district and division embracing the place where such action is pending," which is the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. 28 U.S.C. § 1446(a).

23. This action is not a non-removable action as described under 28 U.S.C. § 1445.

24. In accordance with 28 U.S.C. § 1446(d), Chase will promptly serve a copy of this Notice of Removal on Plaintiffs' counsel and will file a Notice of Filing this Notice of Removal with the Clerk of the Circuit Court of Broward, Florida in the State Court Action.

## RESERVATION OF ALL RIGHTS AND DEFENSES

25. In removing this action, Chase does not intend to waive any rights or defenses to which it is otherwise entitled, including, but not limited to, those set forth in Federal Rules of Civil Procedure 12(b) and 13. Chase further reserves the right to supplement this Notice of Removal and/or present additional arguments in support of removal, if necessary.

## CONCLUSION

26. Removal of this case is timely and appropriate. This civil action is between citizens of the States of Florida, Ohio, Delaware, and California and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. As such, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

**WHEREFORE**, Chase removes the State Court Action to this Court based on 28 U.S.C. § 1332(a), and request that this Court take jurisdiction over this matter to its conclusion and final

judgment in accordance with the law.

DATED this 18th day of November, 2026.

Respectfully Submitted,

**GREENBERG TRAURIG, P.A.**
450 South Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone: (407) 420-1000
Facsimile: (407) 420-5909

By: */s/ Courtney M. Keller*
Courtney M. Keller, Esquire
Florida Bar No. 028668
Savannah Young, Esquire
Florida Bar No. 1031408
Email: kellerc@gtlaw.com
youngsa@gtlaw.com
nef-iws@gtlaw.com
FLService@gtlaw.com

*Counsel for Defendant JPMorgan Chase Bank, N.A.*

By: */s/ Laurence S. Litow*
Laurence S. Litow, Esq.
Fla. Bar No. 328758
BURR & FORMAN LLP
200 E Broward Blvd Ste 1020
Fort Lauderdale, FL 33301
Telephone: (954)-414-6200
asarangoulis@burr.com
lslitow@burr.com

*Counsel for Defendant Block, Inc. d/b/a Block of Delaware, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 18, 2026 I electronically filed the foregoing **Defendant's Notice of Removal**, through the Court's CM/ECF system, which will send an electronic copy to the following:

| | |
|---|---|
| Eric J. Pons, Esquire<br>Global Legal Law Firm PLLC<br>900 N. Federal Highway, Suite 370<br>Boca Raton, Florida 33432<br>Email: epons@attorneygl.com<br>*Counsel for Plaintiffs* | Laurence S. Litow, Esq.<br>Andrew T. Sarangoulis, Esq.<br>BURR & FORMAN LLP<br>200 E Broward Blvd Ste 1020<br>Fort Lauderdale, FL 33301<br>Email: asarangoulis@burr.com<br>*Counsel for Defendant Block, Inc. d/b/a Block of Delaware, Inc.* |

/s/ Courtney M. Keller
Courtney M. Keller